IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**OTIS OLIVER MCCRAY**                                                              **PLAINTIFF**

**V.**                                                                  **NO. 4:17CV115-DMB-RP**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS, ET AL.**        **DEFENDANTS**

## ORDER

Plaintiff Otis Oliver McCray has filed a motion seeking the appointment of counsel to represent him in this action brought under 42 U.S.C. § 1983, and a motion to reach a settlement with the defendants before the case "goes forward." *See* Docs. #3 & #7.

There is no automatic right to counsel in a § 1983 case. *Wright v. Dallas County Sheriff's Department*, 660 F.2d 623, 625-26 (5th Cir. 1981); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Unless there are "exceptional circumstances," a district court is not required to appoint counsel to represent indigent plaintiffs in a civil action. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The court has yet to conduct a hearing as set forth in *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), at which time the plaintiff will have an opportunity to further explain his claims, and the court will determine whether process should issue in this case. Therefore, the plaintiff's motion seeking the appointment of counsel is premature and should be denied without prejudice to the plaintiff's right to renew the motion following his *Spears* hearing.

Additionally, the court finds that the plaintiff's motion seeking a settlement should be denied, as the parties, not the court, must determine whether they wish to reach a settlement in this case.

It is, therefore, **ORDERED** that plaintiff's motion for appointment of counsel [3] is **DENIED**, and his motion for settlement [7] is **DENIED**.

**THIS** the 8th day of August, 2017.

/s/ Roy Percy  
UNITED STATES MAGISTRATE JUDGE