IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**OTIS OLIVER MCCRAY**     **PLAINTIFF**

**V.**     **NO. 4:17CV115- RP**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS, ET AL.**     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

On November 7, 2017, plaintiff Otis Oliver McCray appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.

### I. Plaintiff's Allegations

McCray, an inmate housed at the Marshall County Correctional Facility ("MCCF"), alleges that he suffers from a prolapsed rectum, and that the Mississippi Department of Corrections ("MDOC") refuses to provide the necessary surgical treatment.

McCray also states that Dr. Woods, his treating physician at MCCF, diagnosed him with Hepatitis C in early 2017, and that he has been denied treatment for that condition by Dr. Woods, Dr. Paxton Paige, and H.S.A. H. Williamson. He also claims that he contracted the disease from contaminated tools used by a dentist at MCCF.

Finally, McCray asserts in his complaint that Defendant Bernice Brown failed to mail his legal documents. At his *Spears* hearing, however, McCray declared that his allegations against Brown had been resolved and stated that she should be dismissed from the instant suit.

## II. Defendant Entitled to Dismissal

McCray asserts that his complaint against Defendant Bernice Brown has been resolved and that she should be dismissed from this lawsuit. Therefore, pursuant to Federal Rule of Civil Procedure 41(a), McCray's claims against Bernice Brown will be dismissed with prejudice.[1]

## III. Claim to be Dismissed

At his *Spears* hearing, McCray stated that he wanted to assert a claim against the unidentified dentist who allegedly gave him Hepatitis C by using contaminated tools. However, McCray conceded that he has assumed that he contracted Hepatitis C from a dentist using contaminated tools because he does not know how else he could have contracted the disease. The court finds that this claim fails to rise above the level of speculation, and therefore, is insufficient to raise "more than a sheer possibility" that the unnamed defendant is responsible for McCray's diagnosis of Hepatitis C. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This claim will be dismissed.

## IV. Conclusion

McCray's claim against Bernice Brown is dismissed with prejudice. McCray's claim that he contracted Hepatitis C from the unlawful actions of a dentist at MCCF is dismissed. However, McCray has stated a claim against MDOC, Dr. Paige, H.S.A. H. Williamson, and Dr.

---

[1] McCray cannot otherwise sustain a claim against Bernice Brown in this action based on the allegations presented, as his claims against her have already been unsuccessfully litigated. *See, e.g., Wilson v. Lunaugh*, 878 F.2d 846, 850 (5th Cir. 1989).

Woods for the denial of medical treatment, and process will issue against these defendants for McCray's denial of medical care claim.

**SO ORDERED** this the 7th day of November, 2017.

/s/ Roy Percy
**UNITED STATES MAGISTRATE JUDGE**