IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**OTIS OLIVER MCCRAY**                                                            **PLAINTIFF**

**V.**                                                          **NO. 4:17CV115-RP**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS, ET AL.**       **DEFENDANTS**

**ORDER**

Before the Court is the plaintiff's "Motion to Hold the Consent from the Magistrate Judge Jurisdiction." Docket 48. The motions makes reference to the defendants' recently filed consent to jurisdiction of the magistrate judge and then states "The Plaintiff prays its not the one free the defendants in the last case; Attorney Erin D. Saltaformaggio and Michael J. Bently 'Good Buddy,' or All is lost." The motion continues, "Therefore, to Secure this Case the Plaintiff, Ask to Hold the Consent; Just like the defendants withheld the treatments." The court construes the plaintiff's motion as a request to withdraw his consent to magistrate judge jurisdiction in this case.

On November 7, 2017, in accordance with 28 U.S.C. § 636(c) the plaintiff voluntarily consented to have a magistrate judge conduct all proceedings in this case, including trial and entry of final judgment, with the understanding that an appeal from the judgment shall be taken directly to the court of appeals. Docket 16. Consent to trial before a magistrate judge waives the right to trial before an article III judge. *Carter v. Sea Land Services, Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987). A party may rescind its consent only upon a showing of "extraordinary circumstances." *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 292 (5th Cir. 2002) (quoting 28 U.S.C. § 636(c)(4)). In some cases, the Fifth Circuit has applied the "good cause" standard in determining a party's motion to withdraw consent. *See Carter*, 816 F.2d at

1021. Factors to be considered are undue delay, inconvenience to the court and witnesses, prejudice to the parties, whether the movant is acting *pro* se, whether consent was voluntary and uncoerced, whether the motion is made in good faith or is dilatory and contrived, the possibility of bias or prejudice on the part of the magistrate judge, and whether the interests of justice would best be served by holding a party to his consent. *Id.* The decision "is committed to the court's sound discretion." *Id.*

Here, the plaintiff is proceeding *pro se*, but he has made no showing that his consent to magistrate judge jurisdiction was other than voluntary or coerced. Rather, the plaintiff expresses his hope that the magistrate judge is not the one who "free[d] the defendants in the last case, Attorney Erin D. Saltaformaggio and Michael J. Bently 'Good Buddy.'" Of course, an adverse ruling by a judge does not support an inference of bias or prejudice on the part of the judge, and in any event the undersigned states he is unfamiliar with and has no connection to the "last case" or the two named individuals.

As to whether the motion is made in good faith, the plaintiff filed his motion over three months after consenting to magistrate judge jurisdiction and then only in response to the defendants' filing of their consent to magistrate judge jurisdiction. The plaintiff states he wishes to withdraw his consent "[j]ust like the defendants withheld the treatments." It appears the plaintiff wishes to withdraw his consent, at least in part, merely to spite the defendants in retaliation for their alleged wrongful conduct that is the subject of this litigation. This is not a legitimate reason to permit withdrawal of his consent.

The court concludes the plaintiff has failed to demonstrate good cause for allowing him to withdraw his consent to magistrate judge jurisdiction, and therefore his motion is DENIED.

**SO ORDERED** this 20th day of February, 2018.

                                          /s/ Roy Percy
                                          UNITED STATES MAGISTRATE JUDGE