## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION


**OTIS OLIVER MCCRAY**                                                              **PLAINTIFF**

**V.**                                                                    **NO. 4:17CV115-RP**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS, ET AL.**            **DEFENDANTS**

### ORDER EXTENDING DEADLINE FOR PLAINTIFF TO RESPOND TO DEFENDANTS' MOTIONS

Defendants have filed motions for summary judgment. The plaintiff would ordinarily

have fourteen (14) days after service of the defendant's motion to submit a response. Because he

is proceeding without the assistance of counsel, however, the court finds that he should be

allowed twenty (20) days from the date of this order to file his response and opposing evidence

in accordance with the directives set out below.

### Summary Judgment Procedure and Proof

Because the plaintiff is proceeding *pro se* in this action, a brief explanation regarding

summary judgment motions is in order.[1] Motions for summary judgment are authorized by Fed.

R. Civ. P. 56. These motions permit the court to resolve lawsuits without the necessity of trials if

there is no genuine dispute as to any facts which are material and the moving party is entitled to

judgment as a matter of law.

Under Rule 56(e)(3), if the nonmoving party fails to properly address the moving party's

assertions of fact by presenting appropriate summary judgment evidence, the court may grant

---

[1]The Fifth Circuit Court of Appeals has held that a district court may grant summary judgment *sua sponte*, provided that the losing party is afforded proper notice and an opportunity to submit documents opposing summary judgment. *See Judwin Properties, Inc. v. U. S. Fire Insurance Co.*, 973 F.2d 432, 436 (5th Cir. 1992).

summary judgment if the motion and supporting materials show the movant is entitled to it. In

other words, when a defendant files a motion for summary judgment which is accompanied by

proper supporting evidence, the court may grant the motion if the plaintiff fails to present

evidence which contradicts it. Summary judgment is appropriate "if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with affidavits, if any, show there is

no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law."[2]

In the usual case, the party who seeks summary judgment must show by affidavit or other

evidentiary materials that there is no genuine dispute as to any fact material to resolution of the

motion.[3] In order for the court to find there are no genuine material factual issues, the court must

be satisfied that no reasonable trier of fact could have found for the nonmoving party or, in other

words, that the evidence favoring the nonmoving party is not sufficient to allow a reasonable jury

to return a verdict for him.[4] To satisfy this burden, the movant must either submit evidentiary

documents that establish that the nonmovant cannot prove a material element of his claim, or, if

the crucial issue is one for which the nonmovant will bear the burden of proof at trial, point out

that the evidentiary documents in the record do not contain sufficient proof on an essential

element of the nonmovant's claim.[5]

---

[2]Fed. R. Civ. P. 56(c); *see Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir.), *cert. denied*, 506 U.S. 973, 113 S. Ct. 462, 121 L. Ed. 2d 371 (1992); *Hanks v. Transcontinental Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992). "Material facts" are facts that "will affect the outcome of the suit under governing law." *Colston v. Barnhart,* 146 F.3d 282, 283 (5th Cir. 1998).

[3]*See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

[4]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

[5]*See Celotex*, 477 U.S. at 325; *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir. 1992).

Once the moving party has carried that burden, however, the burden shifts to the nonmoving party to show that summary judgment is not appropriate.[6] The nonmoving party cannot discharge this burden by referring to the mere allegations or denials of the nonmoving party's pleadings; rather, that party must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue as to a material fact exists.[7] The party opposing a motion supported by evidence cannot discharge his burden by alleging mere legal conclusions; instead, he must present affirmative evidence in order to defeat a properly supported motion for summary judgment.[8] If he is unable to present affirmative evidence with his response to the motion, he must explain the reasons for his inability.[9]

Where the party opposing the motion for summary judgment will have the burden of proof on an essential element of his case at trial and does not, after adequate time for discovery, make a showing sufficient to establish the existence of that element, summary judgment may be entered against him.[10] However, Rule 56 does not require that discovery take place before the court may grant a summary judgment.[11] To be entitled to discovery prior to a ruling on a motion for summary judgment, the party opposing the motion must demonstrate how additional time and

---

[6]*See Little*, 952 F.2d at 847; *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991).

[7]*See Celotex*, 477 U.S. at 324; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991); FED. R. CIV. P. 56(e).

[8]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248-55.

[9]*See Cormier v. Pennzoil*, 969 F.2d 1559, 1561 (5th Cir. 1992).

[10]*Celotex*, 477 U.S. at 322-24.

[11]*See Cormier*, 969 F.2d at 1561; *Rosas v. U.S. Small Business Administration*, 964 F.2d 351, 359 (5th Cir. 1992).

discovery will enable him to rebut the movant's allegation that no genuine issue of material fact exists.[12]

When summary judgment is inappropriate because supporting or opposing materials are improper, a district court has the discretion to call upon the parties to remedy defects by supplementing affidavits or otherwise.[13]  Although *pro se* litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, the Fifth Circuit Court of Appeals has never allowed such litigants to oppose summary judgments by the use of unsworn materials.[14]  Unsworn pleadings do not satisfy Rule 56's requirements for summary judgment proof.[15]  In order for verified pleadings to constitute proper summary judgment proof, they must conform to the requirements of affidavits, *i.e.*, they must establish the affiant's competence to testify to the matters in question, be based upon personal knowledge, and contain a clear explication of factual information that would be admissible at trial, not mere

---

[12]*See Cormier*, 969 F.2d at 1561; *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991), *cert denied*, 502 U.S. 1059, 112 S. Ct. 936, 117 L. Ed. 2d 107 (1992) (nonmoving party must show how additional discovery will defeat summary judgment motion, *i.e.*, create genuine dispute as to material fact and that nonmoving party must show that he has diligently pursued discovery of evidence in question).

[13]*Barker v. Norman*, 651 F.2d 1107, 1123 (5th Cir. 1981); *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980).

[14]*Id.*

[15]*See Dorsett v. Board of Trustees for State Colleges and Universities*, 940 F.2d 121, 123 (5th Cir. 1991); *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980).

unsupported conclusions.[16]  The Fifth Circuit has repeatedly rejected efforts to oppose summary judgment with improper documents.[17]

In order to constitute proper summary judgment proof, affidavits must affirmatively show that the person who signs the affidavit is competent to testify to the matters stated in the affidavit and that the facts stated in the affidavit are based on his personal knowledge.[18]  Plaintiff is advised that an affidavit must be either properly notarized or contain the declaration contained in 28 U.S.C. § 1746 in order to constitute proper summary judgment evidence.[19]  Accordingly,

It is, therefore, **ORDERED:**

That the plaintiff is granted twenty (20) days from the date of this order to file his response and proper summary judgment evidence in opposition to the defendants' motions for summary judgment.

**THIS** the 16th day of April, 2018.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

---

[16]*See Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Cormier*, 969 F.2d at 1561 (court may not consider hearsay contained in affidavit when ruling on summary judgment motion); *Hanks v. Transcontinental Gas Pipe Line Co.*, 953 F.2d at 997; *Lechuga v. Southern Pacific Transportation Company*, 949 F.2d 790, 794 (5th Cir. 1992); *Orthopedic & Sports Injury Clinic v. Wang*, 922 F.2d 220, 225 (5th Cir. 1991), (unsupported affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat motion for summary judgment); *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 194 (5th Cir.), *cert. denied*, 488 U.S. 926, 119 S. Ct. 310, 102 L. Ed. 2d 329 (1988); *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir. 1987).

[17]*See Martin v. John W. Stone Oil Distributor, Inc.*, 819 F.2d 547, 549 (5th Cir. 1987), (holding that a district court may not consider either hearsay evidence in affidavits or unsworn documents in a summary judgment proceeding).

[18]*See Isquith v. Middle South Utilities, Inc.*, 847 F.2d at 194; *Lodge Hall Music,* 831 F.2d at 80 (Rule 56 requires that summary judgment affidavits be based upon personal knowledge, contain admissible evidence, and affirmatively demonstrate competency of affiant to testify as to matters contained therein).

[19]This means that plaintiff can still provide the Court with affidavits that are proper summary judgment proof, as long as the affidavits contain the following language directly above the signature line: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date)."  *See* 28 U.S.C. § 1746(2).